LEIGH M. CLARK, Retired Circuit Judge.
Appellant was found guilty under the first count only of a two-count indictment charging him with an assault in the first degree in violation of Criminal Code, § 13A-6-20. In the first count it was alleged in pertinent part:
“... [Defendant] did, with intent to cause serious physical injury to another person, cause serious physical injury to Price Allen by means of a deadly weapon, or a dangerous instrument, to-wit: pistol

In the second count defendant was charged in pertinent part:
“... [Defendant] did, under circumstances manifesting extreme indifference to the value of human life, recklessly engage in conduct which created a grave risk of death to another person and did thereby cause physical injury to Price Allen by shooting him with a pistol ...”
The undisputed evidence shows, and appellant concedes, that Price Allen sustained “serious physical injury ... by means of a ... pistol” in the hand of defendant at the time, which he had brought to the scene of altercative bodily contact between the two. Appellant presents only two issues on appeal, which we now consider.
I
Appellant urges that the trial court committed error in denying “the defendant’s motion for a judgment of acquittal at the close of the State’s evidence.” He argues that the State failed “to produce any evidence that the Defendant intended to inflict serious physical injury on Price Allen.” The gist of his contention is stated in his brief as follows:
“In the present cause, there is no doubt that Price Allen suffered a serious physical injury, or that it was inflicted with a deadly weapon. However, there is no evidence that the defendant intended to shoot Price Allen.”
Five eyewitnesses to the incident, including the alleged victim, testified on behalf of the State. Our review of their evidence convinces us that it cannot be said that their testimony conclusively shows either that defendant intentionally shot Price Allen or, on the other hand, that he did not intentionally shoot Price Allen. However, the circumstances shown by their testimony were sufficient for the court to submit to the jury, as it did, the question whether the shooting by defendant of Price Allen was intentional. Some statements of witnesses, upon which appellant relies, indicate, but do not conclusively show, that defendant did not intend to cause the pistol to fire. On the other hand, the circumstances are sufficient to furnish a reasonable basis for a conclusion to the contrary. We agree with appellee’s insistence that the evidence was sufficient to warrant a finding by the jury that defendant intentionally shot the alleged victim with a pistol. This conclusion makes it unnecessary for us to consider another counterproposition of appellee to the effect that the evidence shows a sufficient basis for a finding that defendant “intentionally caused serious injury to Price Allen ... by means of ... a pistol” i.e. by the intentional use of it as a club, even assuming, which appellee does not concede, that defendant did not intentionally fire the pistol. In this connection, it is to be noted that the second count of the indictment does not charge any discharge of the pistol, while the first count of the indictment charges that the assault was committed by defendant’s “shooting him [the victim] with a pistol.”
II
Appellant charges the trial court with error in its refusal of defendant’s requested charge No. 30, which states:
*679 “If you believe from the evidence that the victim was shot as a result of an accident, then you must return a verdict for the Defendant.”
We agree with appellant that the word “accidentally” is often used as an antonym of the word “intentionally,” but we do not agree with appellant’s contention that the court should have given defendant’s requested Charge 30. There were lesser included offenses involved, including assault in the second degree, as to which one of the methods proscribed is defined by Alabama Criminal Code 13A-6-21(a)(3) as follows:
“A person commits the crime of assault in the second degree if:
“He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.”
Furthermore, the oral charge of the court clearly contra-distinguished intentional conduct from accidental conduct to the preclusion of any prejudice to defendant by the court’s refusal to give defendant’s Charge 30. In addition, we are of the opinion that, under all the circumstances of this case, the charge would have had a misleading and confusing tendency in its failure to exclude, expressly or by implication, many well-known synonyms of “accident” which are not antonyms of an intentional act.
No error prejudicial to defendant has been shown by appellant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
DeCARLO, P.J., and TYSON, HARRIS and BOWEN, JJ., concur.